## McKnight, Appellant, v. Crinnion, Respondent.

1. In actions brought under the act of March 10, 1849, (sess. acts, 1849, p. 47,) before a justice of the peace for the recovery of personal property, the proceedings must be regulated and governed by article 8 of the practice act of 1849.

*Appeal from St. Louis Law Commissioner's Court.*

The facts sufficiently appear in the opinion of the court.
C. McClure, for appellant.
McBride, for respondent.

Scott, Judge, delivered the opinion of the court.

The act of March 10th, 1849, (Sess. Acts, 1849, p. 47,) gave justices of the peace jurisdiction in all actions for the recovery of personal property alleged to be wrongfully detained by any defendant; and further provided that actions in such cases should be conducted after the rules governing such actions in the Circuit Court. Now as this act took effect before

the practice act of 1849 passed during the same session, which provided that it (except the 25th article) should not apply to proceedings or actions before justices of the peace, it is maintained that justices, in proceeding under the act of March 10th, above mentioned, must conform to the statute regulating the proceedings in actions of replevin in the code of 1845, in force at the date of the act of 10th March, and not to article 8 of the practice act of 1849, relating to the claim and delivery of personal property, inasmuch as the act is not applicable to justices' courts.

We do not concur in this view of the matter. The act of 1849 was designed to simplify proceedings at law. It abolished the action of replevin, and gave a new and ample procedure in its stead. Now, would it not be singular to make this this act a rule of conduct for the higher courts, and leave the old intricate proceeding for the lower courts ? In declaring that justices should conform to the rules governing actions of replevin in the Circuit Courts, the legislature obviously intended the rules for the time being. That whatever rules prevailed in the Circuit Court, at the time of beginning the proceedings in the justices' courts, those rules should control the justices. It was not designed that the rule in the justices' courts should be different from that in the Circuit Court, but that as often as the rule was changed for the Circuit Courts, the justices should be governed by it. The judgment is reversed, and the cause remanded ; the other judges concurring.